884 F.2d 1390
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Larry E. STRATTON, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 88-1614.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 8, 1989.
Decided July 24, 1989.
 
 Donald G. Pendleton, Michael T. Garrett, Pendleton, Gamble, Martin, Henderson & Garrett, for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief Social Security Litigation Division, Jacquelyn Cusamano, Assistant Regional Counsel, Office of General Counsel, Department of Health & Human Services, John P. Alderman, United States Attorney, E. Montgomery Tucker, Assistant United States Attorney, Western District of Virginia, for Appellee.
 Before SPROUSE, Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation, and JOHN A. MacKENZIE, Senior District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Larry E. Stratton ("Stratton") appeals a decision by the United States District Court affirming the Secretary of Health & Human Services' ("Secretary") determination that Stratton is no longer entitled to Social Security Disability Benefits. Because the Secretary's decision is supported by substantial--indeed, abundant--evidence, it is affirmed.
 
 I.
 
 2
 Stratton injured his right knee in 1979. He filed an application for Social Security Disability benefits on January 11, 1982. A hearing on Stratton's application was held in December 1982. On February 7, 1983, an Administrative Law Judge ("ALJ") found Stratton disabled because his right knee was not fully weight bearing.
 
 
 3
 The medical record contains no evidence relating to Stratton's disability from the December 1982 hearing until 1985. In March 1985, Dr. Robert Bowen, Stratton's treating orthopedic surgeon, conducted exploratory surgery on Stratton's right knee to determine whether there was a physical cause for Stratton's complaint of pain. Thereafter, in May 1985, Bowen referred Stratton to Dr. Warren Stamp, an orthopedist on the faculty of the University of Virginia. Neither Dr. Stamp nor his colleague, Dr. McCue, could find physical evidence to support Stratton's claim of pain. Dr. Stamp also noted that he "was really surprised at how well [Stratton's] knee seemed to function."
 
 
 4
 Virginia Disability Determination Services commenced review of plaintiff's disability status in February 1986. At that time, Stratton claimed that his right knee was still disabled, that his left knee was disabled and that he suffered from disabling knee pain. In April 1986, Dr. Bowen conducted exploratory surgery on Stratton's left knee which revealed only minor problems. But in a May 1986 report, Dr. Bowen noted that both knees had marked limitations of motion. In a follow-up letter of July 2, 1986, Dr. Bowen indicated that Stratton's knees had limited flexion, i.e., ability to bend. Dr. Bowen stated that x-rays of Stratton's knees indicated moderately advanced osteoarthritis, with the arthritis more advanced in the right knee. Dr. Bowen further noted that Stratton's right thigh measured one inch smaller than his left thigh, his right calf measured one half inch smaller than his left calf and that Stratton occasionally used a cane. Ultimately, however, Dr. Bowen gave no opinion on whether Stratton was disabled.
 
 
 5
 In June 1986, at the Secretary's request, Stratton was examined by Dr. Blackburn, an orthopedic surgeon. Dr. Blackburn found that the Stratton's left knee flexion was normal and the right knee flexion was not as limited as Dr. Bowen had indicated. Dr. Blackburn did not find any differences in the sizes of Stratton's left and right thighs or calves. X-rays revealed only mild signs of osteoarthritis. Based on his examination, Dr. Blackburn concluded that Stratton could perform work if not required to be on his feet. Dr. Blackburn also expressed his belief that Stratton considered himself to be far more disabled than he actually was.
 
 
 6
 In August 1986, Virginia Disability Determination Services ruled that Stratton was no longer disabled. Stratton requested reconsideration. To this end, Stratton was examined by another orthopedic surgeon, Dr. James Jones. Dr. Jones confirmed Dr. Blackburn's findings. Dr. Jones found plaintiff to have full flexion and extension in both knees. He found both knees to be stable. X-rays of both knees showed only minimal irregularity or osteoarthritis. Finding that "Mr. Stratton does not have much difficulty with his knees in spite of the fact that he is wearing braces on both knees and walking with a cane," Dr. Jones concluded that Stratton's main difficulty was a lack of motivation. Consistent with Dr. Blackburn, Dr. Jones concluded that Stratton could perform work that did not require climbing or being on his feet for extended periods of time. Based on Dr. Jones' examination, the Virginia Disability Determination Services affirmed its prior ruling that Stratton was no longer disabled.
 
 
 7
 Thereafter, Stratton requested a hearing before an ALJ. At the hearing, Stratton testified of constant pain in his back and his left leg. He also testified that he could not sit in a normal seated posture without suffering from severe back pain. Finally, Stratton testified that the only pain medication he used was Extra Strength Tylenol. Following the hearing, the ALJ ruled that Stratton's impairment had medically improved and no longer met or equalled a listed impairment. The ALJ further determined that since August 1986 Stratton possessed the residual functioning capacity to perform a full range of sedentary work. Applying the "grid regulations," the ALJ determined that there was alternate employment plaintiff could perform. Accordingly, the ALJ ruled that Stratton's disability had ceased. Based upon the ALJ's determinations, the Secretary found that Stratton no longer qualified for benefits. The district court affirmed, rejecting a Magistrate's contrary recommendation.
 
 II.
 
 8
 Stratton makes four arguments in opposition to the Secretary's decision. None is persuasive. First, Stratton contends that the Secretary's determination that Stratton is not disabled by pain is unsupported by the evidence. To the contrary, substantial evidence supports the Secretary's conclusion. Under applicable law, to find that Stratton was disabled by pain, the ALJ is required to balance evidence supporting Stratton's position against all medical evidence to the contrary. 42 U.S.C. Sec. 423(d)(5)(A). To qualify as disabled, this balancing test must "lead to a conclusion that the individual is under a disability." Id. Here, the ALJ relied on the uncontradicted opinions of Drs. Blackburn and Jones that Stratton could perform sedentary work. Moreover, the two consulting orthopedic surgeons, Drs. Stamp and McCue, could find no physical evidence to support Stratton's claim of disabling pain. Nor did Dr. Bowen find that Stratton suffered from disabling pain. In sum, there was no objective medical evidence that Stratton suffered from disabling pain. The ALJ balanced this medical evidence against Stratton's statements and concluded that Stratton's pain was not disabling. His decision is supported by substantial evidence.
 
 
 9
 Second, Stratton contends that the ALJ mistakenly gave greater weight to the testimony of Dr. Blackburn and Dr. Jones over the testimony of Stratton's treating physician. It is well-settled that a treating physician's opinion is entitled to substantial weight. His opinion may be disregarded only if there is persuasive contradictory evidence. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987). But in this case Dr. Bowen never stated that Stratton was disabled or incapable of performing sedentary work. Therefore, the ALJ did not disregard the treating physician's opinion. Moreover, to the extent that Dr. Bowen's treatment of Stratton suggested that Stratton is incapable of performing sedentary labor, the opinions of Drs. Blackburn, Jones, Stamp and McCue constitute convincing contradictory evidence.
 
 
 10
 Third, Stratton argues that the ALJ improperly applied the grids to Stratton's nonexertional impairment. Instead, according to Stratton, the ALJ was required to take testimony from a vocational expert. But as this Court made clear in Smith v. Schweiker, 719 F.2d 723, 725 (4th Cir.1984), the testimony of a vocational expert is only required when the nonexertional impairment complained of affects the claimant's capacity to work. Pain, the nonexertional impairment complained of by Stratton, is not per se disabling. Parris v. Heckler, 733 F.2d 324, 327 (4th Cir.1984). Rather, it is for the ALJ to determine as a question of fact whether the pain Stratton complains of "affects [his] residual capacity to engage in certain work activities ..." Smith, 719 F.2d at 725. Use of the grids is appropriate where, as here, the pain does not affect Stratton's capacity to work.
 
 
 11
 Here, the ALJ's conclusion that Stratton's pain did not "affect [his] residual capacity to engage in certain work activities" is supported by substantial evidence. There is no objective medical evidence of disabling pain. To the contrary, Drs. Blackburn, Jones, Stamp and McCue found no medical evidence of disabling pain. Moreover, Drs. Blackburn and Jones specifically found that Stratton could perform sedentary work. In addition, the only medication Stratton took for pain was Extra Strength Tylenol, a relatively weak pain medication. As noted in Shively v. Heckler, 739 F.2d 987, 990 (4th Cir.1984), the weakness of pain medication is a factor to be considered in assessing the severity of a claimant's pain. Indeed, the only evidence of disabling pain is Stratton's subjective complaint. But as this Court noted in Parris, "subjective evidence of pain cannot take precedence over objective medical evidence or the lack thereof." 733 F.2d at 327. Stratton's subjective complaints of disabling pain must fall to the overwhelming objective medical evidence to the contrary. Thus, the ALJ appropriately used the grids.
 
 
 12
 Finally, Stratton contends that the ALJ's finding that Stratton could perform sedentary work was not supported by substantial medical evidence. This argument is meritless. The opinions of Drs. Blackburn and Jones provided the ALJ with more than ample medical evidence to support this finding.
 
 III.
 
 13
 This Court's scope of review is narrow. If the Secretary's decision is supported by substantial evidence, it must be affirmed. Blalock v. Richardson, 483 F.2d 773 (4th Cir.1972). The record in this case provides abundant support for the Secretary's decision. Therefore, the District Court's judgment was clearly correct. The Secretary's decision is affirmed.
 
 
 14
 AFFIRMED.