# UNITED STATES COURT OF APPEALS

UNPUBLISHED

## FOR THE FOURTH CIRCUIT

HOWARD F. YOST,

  *Plaintiff-Appellant,*

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

  *Defendant-Appellee.*

No. 03-1512

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CA-01-921-3)

Submitted: October 3, 2003

Decided: October 24, 2003

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. T. Meisel, Huntington, West Virginia, for Appellant. James A. Winn, Regional Chief Counsel, Region III, Patricia M. Smith, Deputy Regional Chief Counsel, Teri C. Smith, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Kasey Warner, United States Attorney, Stephen M. Horn, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Howard F. Yost appeals the district court's order accepting the magistrate judge's recommendation to deny Social Security disability benefits ("DIB"), asserting (1) the ALJ erred by finding that he retained the residual functional capacity to perform a limited range of light work; (2) the ALJ erred in his weighing of the medical evidence; and (3) the ALJ erred in his credibility determination. We affirm.

We must uphold the district court's disability determination if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Contrary to Yost's argument, we find that the ALJ's residual functional capacity finding is supported by substantial evidence. The record actually contains evidence that Yost can perform the physical demands of medium work. Thus, the ALJ gave Yost the benefit of the doubt by finding that he could perform only a limited range of light work. Moreover, the ALJ imposed all of the exertional and non-exertional limitations supported by the record. Finally, we find that Yost's activities of daily living, including caring for his dogs, watching television, visiting family and friends, attending church services, driving short distances, and occasional hunting support the ALJ's residual functional capacity determination.

Next, Yost argues that the ALJ erred in his weighing of the medical evidence. We disagree. Yost contends that the ALJ erred by rejecting the opinions of a case manager ("Goddard") and a physical therapist ("Brewer") with regard to his physical impairments. However, neither Goddard nor Brewer is an acceptable medical source under the Social Security regulations to determine whether Yost suffers a medically determinable impairment. *See* 20 C.F.R. § 1513(a) (2002). Moreover, Goddard's opinion was rendered on June 13, 1997, nearly three months after March 31, 1997, Yost's date last insured, and Brewer's

opinion was rendered on July 31, 1997, exactly four months after the date Yost was last insured. Thus, the ALJ did not err by rejecting these opinions in determining Yost's disability for DIB purposes.

With regard to his mental impairment, Yost argues that the ALJ erred by rejecting the opinion of his treating psychiatrist, Dr. Massenburg. Again, we disagree. First, Dr. Massenburg evaluated Yost on only one occasion. Thus, he is not Yost's treating psychiatrist. Furthermore, his findings are contradicted by those of Yost's treating physician and his treating psychologist. Thus, even if Dr. Massenburg were considered Yost's treating psychiatrist, his opinion would not be entitled to controlling weight. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (holding that treating physician's opinion is entitled to great weight if not contradicted by persuasive evidence). Finally, Dr. Massenburg's opinion was rendered on July 22, 1997, nearly four months after the date Yost was last insured. Thus, it is not relevant to a disability determination for DIB purposes.

Lastly, Yost argues that the ALJ erred by finding his subjective allegations of pain and their impact on his ability to work not entirely credible. This argument fails. The ALJ's credibility finding was based on inconsistent statements by Yost regarding his motivation to work, as well as the lack of objective medical evidence to support his subjective allegations. In particular, Yost stated at his hearing that he would "pick up pop cans if [he could] make a living at it," but further stated that he was not willing to relocate for work. Moreover, the record reveals a lack of objective medical findings to support Yost's subjective allegations. *See* 20 C.F.R. § 404.1529(a) (2002); *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (holding that allegations of pain, without more, are insufficient to find disability); *Parris v. Heckler*, 733 F.2d 324, 327 (4th Cir. 1984) (holding that subjective evidence of pain cannot take precedence over objective medical evidence or lack thereof). Yost's x-rays and MRI's were consistently normal, a physical therapist noted no correlation between Yost's subjective pain and his demonstrated physical ability upon testing, and his activities of daily living, as noted previously, further undermine such allegations.

Yost also contends that the disability award from the West Virginia Workers' Compensation Appeals Board as of June 13, 1997, should

be considered in assessing his credibility. The standards for finding a claimant disabled under West Virginia law and under the Social Security Act are entirely different. Thus, a state award of benefits does not bind us in establishing proof of disability for DIB purposes. *See* 20 C.F.R. § 404.1504. We therefore find that the ALJ properly evaluated Yost's credibility.

Accordingly, we affirm the district court's order denying benefits. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*