**Hallie COFFMAN, as Executrix of Estate of Junior R. Coffman, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services of the United States, Defendant-Appellee.**

No. 87–1518.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1987.

Decided Sept. 23, 1987.

Montie Van Nostrand, Webster Springs, W.Va., for plaintiff-appellant.

James Anthony Winn, Asst. Regional Counsel, Office of the Gen. Counsel, Dept. of Health & Human Services (Beverly Dennis, III, Chief Counsel, Region III, Philadelphia, Pa., Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Washington, D.C., Marc R. Schwartz, Asst. Regional Counsel, William A. Kolibash, U.S. Atty., Betsy C. Steinfeld, Asst. U.S. Atty., Wheeling, W. Va., on brief), for defendant-appellee.

Before ERVIN and WILKINSON, Circuit Judges, and VAN GRAAFEILAND, Senior Circuit Judge for the Second Circuit, sitting by designation.

VAN GRAAFEILAND, Circuit Judge:

Hallie Coffman, as Executrix of Estate of Junior R. Coffman, appeals from a judgment of the United States District Court for the Northern District of West Virginia (Kidd, J.), which affirmed the Secretary of Health and Human Services' denial of Junior Coffman's claim for Social Security disability benefits. For the reasons that follow, we reverse the district court's judgment with instructions to remand to the Secretary for a computation and award of benefits.

On May 7, 1981, Junior Coffman, then fifty-six years of age, applied for disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423, alleging an onset date of August 19, 1980. In the Secretary's initial Disability Determination, Coffman was held to have retained residual functional capacity to perform light work that did not include stooping, kneeling, crouching and crawling, and his claim for benefits was denied. Coffman's request for reconsideration was denied. At the request of Coffman's coun-

sel, a hearing was held on July 23, 1982, before an administrative law judge, who determined that Coffman was not under a disability as that term is defined in the Act. The Appeals Council of the Social Security Administration affirmed. Coffman commenced his district court action on December 22, 1982. On February 9, 1986, "so tired of this kind of living", Coffman committed suicide. His wife was substituted as plaintiff, and, on November 21, 1986, her complaint was dismissed.

The only witness at the administrative hearing was Coffman himself. Coffman testified that his schooling had terminated at the eighth grade and that he had worked in the coal mines for over thirty years. He said that he was hospitalized on August 20, 1980 because of a work-related injury to his back and that his attending physician at the time of the hearing was Dr. Louis Groves, whom he was seeing regularly. Coffman complained of steady and severe back pain, intermittent but severe heart pain, and difficulty with his breathing. He was taking tenormin and quinidine for his heart, butazolidin for his arthritis, spironolactone for high blood pressure, and valium, apparently for his nerves. He said that he was unable to engage in any physical activity and that Dr. Groves, his attending physician, had told him he'd never be able to do work of any kind. He also said that a Dr. Gomez had tried unsuccessfully to fit him with a back brace and had concluded that all any doctor could do was give him pain pills.

Coffman's medical history is found in the hospital records and doctors' reports that were marked in evidence. Dr. J.W. Hunter, who treated Coffman during his hospitalization, diagnosed his injury as an acute lumbosacral strain. Dr. Groves reported that Coffman had far advanced degenerative changes throughout his spine, rheumatoid arthritis with pain in multiple joints that varied in intensity and location, and x-ray evidence of pneumoconiosis. Dr. Groves concluded that "without any question this man is totally and permanently disabled for any occupation [the Secretary] might reasonably expect him to pursue."

Dr. A.C. Thompson, a consultative doctor for the Secretary who examined Coffman on June 11, 1981, reported that Coffman had chronic discogenic disease of the lumbar spine, benign hypertension and mild chronic obstructive pulmonary disease. In Dr. Thompson's opinion, these findings were disabling for heavy work. A radiologist's report forwarded by Dr. Thompson supported his finding of degenerative disc disease at L5–S1. Other medical records in evidence show that Coffman suffered from occupational pneumoconiosis with 30 percent functional impairment attributable to this disease, that he had a mild to moderate high frequency hearing loss and had lost parts of several fingers on his left hand.

■ A district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence. 42 U.S.C. § 405(g); *see Knox v. Finch*, 427 F.2d 919, 920 (5th Cir.1970). However, the court's duty does not end there. A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law. *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir.1980); *Williams v. Ribicoff*, 323 F.2d 231, 232 (5th Cir.1963); *Tyler v. Weinberger*, 409 F.Supp. 776, 785 (E.D.Va.1976). Our review of the record has convinced us that the ALJ applied erroneous legal standards in making several factual findings in the instant case.

■ A well established rule followed with minor variations in almost every circuit is the so-called attending physicians rule. As applied in the Fourth Circuit, that rule requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence. *Foster v. Heckler*, 780 F.2d 1125, 1130 (4th Cir.1986); *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir.1983). The ALJ, in the instant case, after acknowledging Dr. Groves' conclusion that Coffman was disabled from gainful employment, said:

The weight to be given such conclusionary statement depends on the extent to which it is supported by specific and com-

pleted clinical findings and other evidence. I find that this conclusionary statement does not have the required support in the record.

The first quoted sentence was a misstatement of the legal principles and standards that should have guided the ALJ in making his factual findings. "A treating physician's testimony is ignored *only* if there is persuasive contradictory evidence." *Foster v. Heckler, supra,* 780 F.2d at 1130 (emphasis in original). There was no persuasive contradictory evidence in the instant case. For this reason, if for no other, the denial of benefits must be reversed.

Indeed, not only was there no persuasive contradictory evidence, there was in fact substantial supportive evidence. Dr. Groves forwarded fifteen pages of medical reports with his opinion letter, including clinical notes of seven examinations of Coffman, a treadmill workload and physical performance test, a radiological examination of Coffman's lumbar, dorsal, and cervical spine, an ecg analysis, and the results of a rheumatoid arthritis test. The findings of Dr. Hunter and Dr. Thompson already have been noted. Finally, there was the testimony of Coffman himself.

It was well established in 1982 that subjective complaints of pain and physical discomfort could give rise to a finding of total disability, even when those complaints were not supported fully by objective observable signs. *Hicks v. Heckler,* 756 F.2d 1022, 1023 (4th Cir.1985). Assuming for the argument only that Dr. Groves' finding of total disability required buttressing by other evidence, Coffman's complaints, which he said disabled him from standing long enough to shave without pausing to rest and from lifting and moving a chair to the table, were fully supportive of Dr. Groves' conclusions. *Hicks v. Heckler, supra,* 756 F.2d at 1023. Because Coffman's complaints and his attending physician's findings were mutually supportive, they would satisfy even the more exacting standards of the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 423(d)(5)(A). *Foster v. Heckler, supra,* 780 F.2d at 1128–30.

Finally, we conclude that the ALJ applied improper standards in making his determination that, although Coffman could not return to work in the mines, there were other kinds of "substantial gainful work which exists in the national economy" that Coffman could perform. *See* 42 U.S.C. § 423(d)(2)(A). Once a claimant has made a prima facie showing of a physical impairment that precludes him from performing past work, the Secretary has the burden of going forward and showing that the claimant, considering his age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternate job and that this type of job exists in the national economy. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir.1981). The Secretary can meet this burden by proper reference to the medical-vocational guidelines set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2. *See Heckler v. Campbell,* 461 U.S. 458, 461, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983). However, in cases such as Coffman's, reference which routinely and mechanically follows the provisions of the guidelines is not proper. *See id.* at 471, 103 S.Ct. at 1959 (Brennan, J., concurring). The guidelines provide an ALJ with administrative notice of classes of jobs available in the national economy for persons who have, among other things, certain disability characteristics such as strength or exertional limitations. *See* 20 C.F.R. Pt. 404, Subpt. P., App. 2 §§ 200.00–204.00. The guidelines do not take into account nonexertional limitations such as pain, loss of hearing, loss of manual dexterity, postural limitations and pulmonary impairment. *Grant v. Schweiker,* 699 F.2d 189, 192 (4th Cir.1983). When nonexertional limitations such as these occur in conjunction with exertional limitations, the guidelines are not to be treated as conclusive. *Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir.1981); 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(a), (d)–(e)(2); 20 C.F.R. § 404.1569.

Without any substantial supportive evidence, the ALJ found that Coffman had functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c),

*i.e.,* "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." He then found:

> Considering the claimant's age, education, prior work experience and residual functional capacity to perform medium work, Rule 203.04 of Appendix 2, Subpart P, Social Security Administration Regulations No. 4 applies and the claimant is found "not disabled."

▮ This mechanical application of the guidelines, where, as here, substantial nonexertional impairments existed, constituted reversible error. *See Hooper v. Heckler,* 752 F.2d 83, 88 (4th Cir.1985); *Wilson v. Heckler,* 743 F.2d 218, 222 (4th Cir.1984); *Grant v. Schweiker, supra,* 699 F.2d at 192; *Roberts v. Schweiker, supra,* 667 F.2d at 1145.

▮ Having determined for the reasons above expressed that the Secretary's denial of benefits cannot stand, we must decide what course to follow. Over six years have elapsed since Junior Coffman filed his claim for disability benefits, and over five years have elapsed since they were wrongfully denied. Three years ago, Coffman, who was being medicated for heart pain at the time of his administrative hearing, had triple bypass heart surgery, and last year he committed suicide. Coffman's widow has asked that we either reverse and direct an award of benefits or remand to the Secretary for a rehearing. We, of course, have the statutory authority to do either. *Vitek v. Finch,* 438 F.2d 1157, 1158 (4th Cir.1971); 42 U.S.C. § 405(g). We are convinced, however, that if the matter were to be remanded to the Secretary for redetermination and the Secretary were to conclude again that Coffman was not disabled, his decision would not withstand judicial review. It is time to bring this matter to a close. *See Taylor v. Weinberger,* 512 F.2d 664, 668–69 (4th Cir.1975). We reverse the district court's judgment with instructions to remand to the Secretary for a computation of appropriate statutory benefits due and owing to Junior Coffman based on a total permanent disability commencing on August 20, 1980.

*REVERSED AND REMANDED FOR AN AWARD OF BENEFITS.*