865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dora M. WRIGHT, kos-pz-coqr Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 88-3067.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1988.
Decided: Dec. 9, 1988.
 
 Palmer Freeman, Jr. (Sinkler & Boyd; Larry E. Gentry, on brief), for appellant.
 Susan Elizabeth Henderson, Assistant Regional Counsel (Richard K. Willard, Assistant Attorney General; Vinton D. Lide, United States Attorney; Bruce R. Granger, Chief Counsel, Region IV, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Anita Kay Brotherton, Assistant Regional Counsel, Department of Health and Human Services, Office of General Counsel, on brief), for appellee.
 Before K.K. HALL and ERVIN, Circuit Judges, and DENNIS R. KNAPP, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Dora M. Wright last worked as a machine operator in a South Carolina factory. Wright's employer fired her in April, 1982, after rheumatoid arthritis prevented her from working. Wright's eligibility for Social Security disability insurance expired on June 30, 1983. Wright applied for a period of disability and disability insurance benefits on April 29, 1985. The Secretary denied the application initially and on reconsideration. An ALJ affirmed. An Appeals Council declined to review the ALJ's decision, which a magistrate subsequently approved.
 
 
 2
 There is no dispute that Wright suffered from arthritis, diabetes, and asthma prior to June 30, 1983. There is also no dispute that Wright is now disabled. The issue here is whether the ALJ correctly concluded that Wright had not been impaired prior to June 30, 1983. We find substantial evidence to support the ALJ's conclusion, and affirm.
 
 
 3
 Evidence of Wright's condition during the insured period came from Wright and her doctors. Dr. Turner, a rheumatologist, had noted improvement in Wright's arthritis from December 7, 1981, through April 26, 1983. The May 17, 1983, office notes of Wright's family doctor, Dr. Lance, indicate that Wright's joints were "doing fine." Dr. Lance had also stated in a 1985 letter to Wright's attorney that he believed Wright to have been disabled from May 27, 1983.
 
 
 4
 We believe the medical evidence provides a substantial basis for the ALJ's finding of no impairment. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987); Hall v. Harris, 658 F.2d 260, 264 (4th Cir.1981). Dr. Lance's contemporaneous office notes contradict his 1985 letter. The other medical evidence consistently indicated that in April, 1982, Mrs. Wright's arthritis was less severe than during earlier periods when she had continued to work, and that Wright's arthritis improved after April, 1982. Against this evidentiary background, there is substantial evidence for the ALJ's finding of no impairment.
 
 
 5
 AFFIRMED.