25 F.3d 1038
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 James M. CLARK, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 93-1628.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 12, 1994.
Decided: June 3, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-92-471-3).
 Argued Charles D. Bennett, Jr., Fredericksburg, VA, for appellant.
 Margaret J. Krecke, Asst. Regional Counsel, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, PA, for appellee.
 On brief: Charlotte Hardnett, Chief Counsel, Region III, Office of the General Counsel, Dept. of Health and Human Services, Philadelphia, PA; Richard Cullen, U.S. Atty., Debra J. Prillaman, Asst. U.S. Atty., Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILLIAMS and MICHAEL, Circuit Judges, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 James Clark brings this action under 42 U.S.C.A.Sec. 405(g) (West Supp.1994), seeking review of the final decision of the Secretary of Health and Human Services denying his claim for supplemental security income and disability insurance benefits under the Social Security Act. After independently reviewing the entirety of the evidence, we agree with the district court's conclusion that the final decision of the Secretary was supported by substantial evidence and was legally correct under controlling law. Thus, we affirm.
 
 I.
 
 2
 Clark, who is currently twenty-seven years old, was a full time student at Bluefield College in Virginia at the time of the Administrative Law Judge's (ALJ) decision denying him disability benefits. Clark's disability claim is based on his affliction with bipolar disorder, which is a psychiatric condition characterized by mood swings in which manic episodes are followed by depressive episodes. Clark applied for supplemental security income and disability insurance benefits under Titles II and XVI of the Social Security Act in January 1991. 42 U.S.C.A. Secs. 401-433, 1381-1383d (West 1991 & Supp.1994). His claims were denied initially and on reconsideration by the Social Security Administration. Clark then requested a hearing before an ALJ, which was held on November 6, 1991.
 
 
 3
 At the hearing, the evidence showed that Clark was first diagnosed with bipolar disorder at age sixteen, when he was hospitalized for problems he had been having in school. His doctor placed him on lithium carbonate, which stabilized his condition until his next hospitalization at the age of twenty. At the time of his second hospitalization, Clark was suffering from a manic episode after discontinuing his medication for the previous six months. Clark testified that medication generally controls the problems associated with his illness.
 
 
 4
 Clark further testified that he has had sixteen or seventeen jobs between the ages of sixteen and twenty-five. He quit his final job as a pizza delivery person in July 1991, after only one month of work, when he was involved in an accident and decided that the stress of delivering pizza was too great. Prior to this delivery job, he worked as a warehouseman and truck driver for a flooring company from September 1989 until May 1990. He also worked as a warehouseman at a Sears store from November 1989 until February 1990.
 
 
 5
 After reviewing the medical evidence and testimony, the ALJ denied benefits and made the following factual findings. The ALJ found that the fact that Clark quit his job as a pizza delivery person because of the stress involved constituted an unsuccessful work attempt, and thus, Clark had not engaged in substantial gainful activity since May 1, 1990, when he worked as a warehouseman and truck driver. Although the record established a "severe" impairment of bipolar disorder, the record did not reflect an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. The ALJ credited Clark's testimony regarding his activities, and decided that he retained the residual functional capacity to perform work-related activities except for work involving more than low levels of stress. The ALJ also concluded that Clark's past relevant work as a warehouseman and truck driver did not involve more than low levels of stress. Therefore, Clark was able to perform his past relevant work, and was not under a "disability" as defined by the Social Security Act. The Appeals Council denied Clark's request for review, thereby rendering the ALJ's decision the final decision of the Secretary in his case. Clark appealed that final decision to the district court.
 
 
 6
 The district court referred the case to a magistrate judge pursuant to 28 U.S.C.A. Sec. 636(b)(1) (West 1993). The magistrate judge concluded that a review of the entire record revealed that the ALJ made a thorough analysis of the medical evidence and the testimony received at the hearing, and that the ALJ's findings were supported by substantial evidence. In adopting the opinion of the magistrate, the district court conducted a de novo review of the record and found Clark's objections to be without merit. This appeal followed.
 
 II.
 
 7
 We review the Secretary's final decision to determine whether it is supported by substantial evidence and whether the ultimate conclusions reached by the Secretary are legally correct under controlling law. 42 U.S.C.A. Sec. 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987). A de novo review is precluded by Sec. 405(g), and even if this court disagreed with the Secretary's decision, we are required to uphold it if it is supported by substantial evidence. Upon independent review of the evidence in its entirety, we agree with the district court's conclusion that the ALJ made a thorough analysis of the medical evidence and testimony, and we conclude that the Secretary's decision is supported by substantial evidence and is legally correct under controlling law. Accordingly, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.