35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Robert ROGERS, Plaintiff Appellant,
v.
Elliott A. SEGAL; Paul R. DEAN; Marty D. HUDSON; Michael
H. HOLLAND, Trustees of the 1974 Pension Plan of
the United Mine Workers of America,
Defendants Appellees.
 
 No. 93-1917.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 6, 1994.
Decided Sept. 9, 1994.
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CA-91-132-B)
 Joseph E. Wolfe, Wolfe & Farmer, Norton, VA, for Appellant.
 Matilda A. Brodnax, Sr. Asst. Counsel, Glenda S. Finch, Associate Gen. Counsel, United Mine Workers of America Health & Retirement Funds, Washington, D.C., for Appellees.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Rogers appeals from the district court's order upholding denial of disability benefits by the Trustees of the United Mine Workers of America 1974 Pension Trust. Rogers contends that the Trustees abused their discretion in deciding that there was no causal link between Rogers's mine injuries and his ultimately debilitating degenerative arthritis. Our de novo review of the record reveals that the Trustees's decision is supported by substantial evidence and was not, therefore, an abuse of discretion. See Farwell v. Un, 902 F.2d 282, 287 (4th Cir.1990); LeFebre v. Westinghouse Elec. Corp., 747 F.2d 197, 204 (4th Cir.1984).
 
 
 2
 Rogers argues that the Trustees failed to give the opinion of Dr. Taylor, Rogers's attending physician, the weight it was due. Dr. Taylor noted in a letter that Rogers's arthritis was "aggravated" by mining injuries. Assuming, without deciding, that the attending physicians rule, see Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987), should apply in the ERISA context, Dr. Taylor's letter does not establish that the Trustees' decision was an abuse of discretion. The record reveals "persuasive contradictory evidence" on which the Trustees's decision was based. Id. Accordingly, even giving Dr. Taylor's letter opinion the deference to which it would be entitled under the attending physicians rule, the district court's order must be affirmed.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED