36 F.3d 1093
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Patrick NICHOLSON, through his guardian ad litem, Marion
Carnell, also known as Marion Patrick Nicholson,
Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-1238.
 United States Court of Appeals, Fourth Circuit.
 Submitted: August 25, 1994.
Decided: September 20, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Dennis W. Shedd, District Judge. (CA-92-1191-8-19AJ)
 George H. Thomason, Thomason & French, Spartanburg, South Carolina, for Appellant. Frank W. Hunger, Assistant Attorney General, J. Preston Strom, Jr., United States Attorney, Bruce R.
 Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, James N. Stephens, Principal Regional Counsel for Retirement and Survivors Insurance, Pamela Wood Walters, Assistant Regional Counsel, Department of Health & Human Services, Atlanta, Georgia, for Appellee.
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Patrick Nicholson (Patrick) appeals from a district court order affirming the decision of the Secretary of Health and Human Services (Secretary) to cease paying social security survivor benefits and to order repayment of overpaid benefits. We affirm.
 
 
 2
 This Court reviews denials of social security benefits only to determine whether the Secretary's decision is supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1991 & Supp.1994); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). " 'It consists of more than a mere scintcilla but may be somewhat less than a preponderance.' " English v. Shalala, 10 F.3d 1080, 1084 (4th Cir.1993) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966)).
 
 
 3
 The factual issue throughout this litigation has been whether Patrick was the son of decedent Clyde Nicholson (Clyde). The administrative law judge originally hearing the factual issue found that Patrick was not Clyde's son. His decision was based on written statements by Patrick's mother, Toni DeVore, that Patrick was not Clyde's child. Those written statements were made in divorce proceedings and in an application for survivor benefits for Patrick. While there is other evidence suggesting that Patrick was Clyde's son, we find that the evidence relied on by the ALJ, the magistrate judge, and the district court was sufficient for a reasonable mind to accept the conclusion that Patrick was not Clyde's son. Therefore, we affirm the district court order adopting the magistrate judge's recommendation that the Secretary's final decision be affirmed.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED