43 F.3d 1466
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Shirley S. HAMILTON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2642.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 14, 1994.
Decided November 17, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Chief District Judge. (CA-93-43-7-F)
 William Lee Davis, III, Lumberton, NC, for appellant. Janice McKenzie Cole, U.S. Atty., Barbara D. Kocher, Sp. Asst. U.S. Atty., Raleigh, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, WILKINS, and HAMILTON, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Shirley S. Hamilton appeals from the district court's order affirming a decision of the Secretary of Health and Human Services ("Secretary") denying her claim for Supplemental Security Income ("SSI"). Finding that substantial evidence existed to support the Secretary's decision, we affirm.
 
 
 2
 * Born in 1958, Hamilton completed fourteen years of school and, therefore, has above a high school education. She labored as a church pianist, sewing machine operator, and a domestic. On June 5, 1991, she filed an application for SSI benefits, claiming that she suffered from diabetes mellitus, hypertension, chest pain, migraine headaches, and asthma.
 
 
 3
 At a hearing before an administrative law judge ("ALJ"), Hamilton testified that she was unable to work due to asthma with shortness of breath, hypertension, diabetes with dizzy spells and blackouts, an irregular heart beat with chest pain, pain of the legs and knees, migraine headaches, and problems with her left hand. She stated that she had been examined and treated for dizzy spells and blackouts due to her diabetes. Hamilton also testified that she had been taking medication since 1986 for diabetes. She alleged that she becomes weak and must sit down if she walks more than one block. She also said that sometimes she has severe pain in her legs and knees and that her legs "give out" if she walks for a long period of time. She stated that she has difficulty climbing steps. Hamilton testified that she takes medication for headaches and that she has difficulty lifting things over five to ten pounds due to problems with her left hand.
 
 
 4
 Hamilton's mother testified that Hamilton has problems with breathing and shortness of breath and noted that when Hamilton tries to do things, she becomes weak and must sit down. Her mother also stated that Hamilton has a problem walking and cannot complete simple household chores.
 
 
 5
 There were also medical reports before the ALJ. Doctors Thigpen and Shoba Farias, Hamilton's treating physicians, reported that Hamilton was hospitalized for the treatment of uncontrolled diabetes mellitus and a reaction to shrimp. Hamilton was given insulin to control her blood sugar level. Throughout her hospitalization, her blood pressure remained well controlled. An electrocardiogram and chest X-rays were also within normal limits. Doctor Thigpen reported that Hamilton's history consisted of hypertension, diabetes, and asthma.
 
 
 6
 In addition, the medical evidence demonstrated that Hamilton's blood sugar level rose on numerous occasions and that she complained of pain in her left breast; however, Hamilton admitted that she had only been taking her insulin on an intermittent basis. In June 1991, Hamilton admitted herself to an emergency room, complaining of pain in her chest, a cough, and feeling weak. She specifically denied having the symptoms of wheezing, shortness of breath, or diaphoresis. She had a normal electrocardiogram, chest X-ray, and mammogram. A myocardial infarction was ruled out. A week later, she returned, complaining of the same symptoms. A bone scan was performed and the results were completely normal.
 
 
 7
 In July 1991, Hamilton complained of shortness of breath, fatigue, dizziness, and chest discomfort. However, Hamilton stated that she could do light housework, walk a mile, and drive a car. Doctor Nettles reported that her insulin dose was causing her hypoglycemic spells. Doctor Shoba Faria reported that Hamilton was receiving insulin to control her blood sugar levels.
 
 
 8
 Finding insufficient evidence to establish that Hamilton's conditions of hypertension, headaches, pain of the legs and knees, and problems of the left hand were severe within the meaning of the regulations, and that she was not disabled by asthma with shortness of breath, diabetes mellitus with hypoglycemic episodes, and chest discomfort, the ALJ concluded that Hamilton was not entitled to SSI. Hamilton exhausted her administrative remedies and then filed a complaint in federal district court. The district court granted summary judgment for the Secretary, holding that the Secretary's decision was supported by substantial evidence. Hamilton appeals.
 
 II
 
 9
 The language of 42 U.S.C.A. Sec. 405(g) (West Supp.1993) precludes a de novo review of the evidence and requires that this Court uphold the Secretary's decision if it is supported by substantial evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). As this Court explained, substantial evidence is:
 
 
 10
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 11
 Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966).
 
 
 12
 The steps for analyzing claims of disability for purposes of entitlement to SSI are set forth in 20 C.F.R. Secs. 404.1520, 416.920 (1993). The Secretary first must determine whether the claimant is engaged in substantial gainful activity. 20 C.F.R. # 8E8E # 404.1520(b), 416.920(b). If so, there is no disability. 20 C.F.R. Secs. 404.1520(a), 416.920(a). Hamilton is not engaged in any gainful activity, therefore, the analysis proceeds to step two and the question of whether she is severely impaired for the durational period required by the regulations. 20 C.F.R. Secs. 404.1509, 404.1520(c), 416.909, 416.920(c).
 
 
 13
 A "severe impairment" is one or a combination of impairments which "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. # 8E8E # 404.1520, 416.920(c). If the claimant is not severely impaired, no disability is found and the inquiry ceases. If the claimant is severely impaired, the analysis proceeds to steps three, four, and five, which ask in turn whether the claimant's severe impairments meet or equal those impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1. Because Hamilton's conditions do not qualify under the listings, the next determination is whether she has the residual functional capacity to perform past relevant work; and if not, whether she is capable of other work, taking into account her residual functional capacity, age, education, and work experience. 20 C.F.R. Secs. 404.1520(d)(f), 416.920(d)--.920(f).
 
 
 14
 The ALJ concluded that Hamilton's conditions of hypertension, headaches, pain of the legs and knees, and problems of the left hand were not severe. We find that this is supported with substantial evidence.
 
 
 15
 The medical evidence showed that Hamilton's hypertension was controlled with medicine. There was no evidence that Hamilton ever complained of headaches to her doctor. In addition, she stated that her medicine helped relieve her headaches. Furthermore, there was no evidence that Hamilton ever complained to her doctor about pain in her legs and knees, and problems of the left hand. In fact, Doctor Nettles reported that Hamilton had full range of motion of all her joints and extremities. Accordingly, the ALJ's determination that these conditions were not severe was supported with substantial evidence.
 
 III
 
 16
 The ALJ also found that Hamilton's asthma with shortness of breath, diabetes mellitus with hypoglycemic episodes, and chest discomfort were severe impairments but that they were not disabling because Hamilton possessed exertional capacity for light work. We find substantial evidence to support this determination.
 
 
 17
 Contrary to Hamilton's contention, the ALJ, in evaluating the effect of Hamilton's severe impairments on her residual functional capacity, gave full consideration to her subjective complaints, including pain, and alleged functional limitations. In spite of the pain, Doctor Nettles reported that Hamilton appeared very active. Furthermore, Hamilton admitted that she did some cooking, cleaning, and shopping, and that she went fishing, played the piano, visited, and drove for short distances. Because daily activities may suggest that an individual is not disabled, see Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir.1986), the ALJ did not err in considering these factors.
 
 
 18
 Furthermore, although the opinion of a treating physician should be given great weight, Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987), none of Hamilton's physicians placed any limitations on her activities, and none stated that she was disabled. A vocational expert testified that given Hamilton's limitations,* numerous jobs existed that Hamilton could perform: cashier, receptionist, telephone operator, and general office clerk. Accordingly, substantial evidence supported the ALJ's determination that Hamilton was not disabled.
 
 
 19
 The Secretary's denial of disability benefits is supported by substantial evidence. Accordingly, we affirm the district court's order granting summary judgment for the Secretary. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Hamilton's conditions of hypertension, headaches, pain of the legs and knees and problems of the left hand do not limit Hamilton's residual functional capacity in any manner and were properly not considered in the hypothetical question