41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jimmy D. JUSTUS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-1974.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1994.
Decided Nov. 18, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CA-92-66-A)
 C. Randall Lowe, YEARY, TATE, LOWE & ROWLETT, P.C., Abingdon, Va, for Appellant. Charlotte Hardnett, Dorothea J. Lundelius, Margaret Krecke, OFFICE OF THE GENERAL COUNSEL, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, PA; Robert P. Crouch, Jr., United States Attorney, Richard A. Lloret, Assistant United States Attorney, Roanoke, VA, for Appellee.
 W.D.Va.
 REMANDED.
 Before WILKINS and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Jimmy D. Justus appeals from the district court's decision affirming the Secretary of Health and Human Service's denial of social security disability ("disability") and supplemental security income ("SSI") benefits under 42 U.S.C.A. Sec. 423 (West 1991) and 42 U.S.C.A. Sec. 1382 (West 1992). Justus asserts that the Secretary's finding that he does not have a severe mental impairment is not supported by substantial evidence. Because the Administrative Law Judge (ALJ) may have improperly discredited the opinion of Justus' treating physician, we remand to the district court for remand to the Secretary, for further consideration of Justus' mental condition.
 
 I.
 
 2
 Justus, who is now in his mid-thirties, was in a serious automobile accident in October 1989 and has not worked since that date. Prior to the accident, he performed almost exclusively heavy work, including cinder block production, construction, coal mining, and lumber stacking in a sawmill. He has a ninth-grade education and limited reading and writing skills. As a result of the accident, he experiences chronic pain in his back and neck, and headaches. He also has problems with depression, dating from the time of the accident.
 
 
 3
 In assessing the evidence relevant to Justus' claim of entitlement to disability and SSI benefits, the ALJ properly undertook the fivestep sequential analysis provided by the regulations. See 20 C.F.R. Secs. 404.1520(b)-404.1520(f), 416.920(b)-416.920(f) (1993). The ALJ determined that Justus had not engaged in substantial gainful activity since the date of the accident and that he was severely physically impaired, thus making it impossible to decide his claim at steps one or two of the analysis.
 
 
 4
 Step three of the analysis required the ALJ to compare Justus' physical and mental impairments with those listed in the Listing of Impairments provided at 20 C.F.R. Part 404, Subpart P, App. 1, to determine whether a finding of disability could be made on the basis of medical factors alone. With regard to the claim of mental impairment,* the ALJ noted that the diagnosis of chronic posttraumatic stress disorder provided by treating physician Dr. Eden "twelve days" after the accident was not corroborated by follow-up diagnoses of Dr. Eden or any other physician. Dr. Eden also provided a functional capacity assessment of Justus in April 1991, which gave Justus low ratings in several categories of human interaction.
 
 
 5
 The only other physician who provided evidence concerning Justus' mental condition was Dr. Pantaze, a licensed psychologist who assessed Justus' condition nearly one year after the accident. At that time, Pantaze found Justus to be lacking any signs of clinical depression or other mental abnormality, although Justus reported that he felt depressed by the fact that he had no job.
 
 
 6
 In weighing this evidence, the ALJ concluded that Dr. Eden's finding of a "chronic" problem with posttraumatic stress disorder was questionable, due to the supposed fact that that diagnosis was based on only a twelve-day interval, and was not noted in the reports of subsequent visits. The ALJ further found that Dr. Eden's negative functional assessment was internally inconsistent, due to a variation between functional ratings for work and social settings. For these reasons, the ALJ gave greater weight to the evidence provided by Dr. Pantaze and concluded that Justus' mental impairments did not meet or equal those impairments listed in Appendix 1.
 
 
 7
 The ALJ then reviewed testimony provided by a vocational expert to determine the scope of Justus' residual functional capacity and ability to work, for purposes of steps four and five of the sequential analysis. Based on his assessment of this evidence, the ALJ concluded that Justus was capable of performing light work and that appropriate jobs were available. Benefits were therefore denied. The Appeals Council denied review. Justus then filed the present Complaint in federal district court. The district court concluded that the Secretary's decision was supported by substantial evidence. This timely appeal followed.
 
 II.
 
 8
 Our review is limited to determining whether the findings of the Secretary are supported by substantial evidence, and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990); 42 U.S.C. Sec. 405(g) (1988). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 9
 Based on the administrative record before us, we conclude that the Secretary's findings are not supported by substantial evidence. This Court adheres to the view that a treating physician's testimony is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists. Coffman v. Bowen, 829 F.2d 514, 517-18 (4th Cir.1987). In this case, the ALJ chose to disregard Dr. Eden's testimony for reasons which are either questionable or clearly erroneous.
 
 
 10
 Most significantly, the ALJ found Dr. Eden's entire report to lack credibility, due to the ALJ's belief that Dr. Eden diagnosed "chronic" posttraumatic stress disorder only twelve days after the accident--a length of time which the ALJ considered too short to support any determination that a problem is chronic. The administrative record clearly reveals, however, that Dr. Eden diagnosed posttraumatic stress disorder six weeks after the accident. This error calls into question the ALJ's entire assessment of Dr. Eden's testimony.
 
 
 11
 We also find troubling the ALJ's interpretation of Dr. Eden's functional capacity assessment. The ALJ determined that because Dr. Eden rated Justus' ability to function in a work setting lower than his ability to function in a social setting, his report was internally inconsistent. We perceive no inconsistency. Dr. Eden's assessment of Justus' ability to function in both settings was very low. Furthermore, it seems reasonable that one who suffers from depression might find adjustment to the work setting more difficult than social adjustment.
 
 
 12
 For these reasons, we conclude that the ALJ's rejection of Dr. Eden's opinion may have been improper. We therefore remand this case to the district court for remand to the Secretary, for further consideration of Justus' mental condition, consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 REMANDED
 
 
 *
 Justus does not challenge the ALJ's finding that his physical impairments did not meet or equal those listed in Appendix 1