60 F.3d 823
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 George LYALL, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2395.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 8, 1995.
Decided: July 6, 1995.
 
 ARGUED: Donald Joseph Willey, Legal Services of The Blue Ridge, Boone, NC, for Appellant. Kenneth Michel Smith, Assistant United States Attorney, Charlotte, NC, for Appellee. ON BRIEF: Mark T. Calloway, United States Attorney, Charlotte, NC, for Appellee.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant George Lyall appeals from the district court's ruling that the denial of his application for Title II social security disability benefits was supported by substantial evidence and otherwise in accordance with law. We affirm.
 
 
 2
 In order to qualify for Title II benefits, Lyall was required to show that he was disabled during the period June 15, 1966 to June 30, 1970. Lyall claimed that he had been disabled since June 15, 1966, as a result of musculoskeletal impairments and chronic alcoholism, but the ALJ rejected this claim, finding that "the claimant was not disabled during the period in question." Our review of the record convinces us that this finding was supported by substantial evidence. The evidence before the ALJ revealed that Lyall in fact maintained a fairly active lifestyle during the period 1966 to 1970, when he alleges he was disabled; most significantly, Lyall testified that he worked in construction in 1966 and 1967, and gardened for profit in 1967 or 1968.
 
 
 3
 In addition to challenging the evidentiary basis for the ALJ's decision, Lyall alleges that the ALJ committed a variety of legal errors in evaluating his claim. First, he argues that the ALJ erred by not calling a vocational expert to testify as to the availability of jobs in the national economy which Lyall could perform, and instead relying purely on the medical-vocational guidelines (the "grids") appearing at 20 C.F.R., Part 404, Subpart P, Appendix 2. It is well established that an ALJ may not rely solely on the grids, but must instead call on the testimony of a vocational expert, where "nonexertional limitations ... occur in conjunction with exertional limitations," Coffman v. Bowen, 829 F.2d 514, 518 (4th Cir.1987). The ALJ in Lyall's case, however, specifically found that "[t]here were no nonexertional limitations, " and this finding was supported by substantial evidence.
 
 
 4
 Lyall's second legal argument is that the ALJ erred by not giving controlling weight to the October 1970 report and treatment notes of Dr. Elam S. Kurtz, Lyall's attending physician, who diagnosed Lyall as suffering from chronic alcoholism. "[T]he so-called attending physicians rule" "requires that the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." Id. at 517. The ALJ was confronted with persuasive evidence that contradicted the supposed conclusion* of Dr. Kurtz's report that Lyall was disabled by alcoholism during the period in question. Lyall's own testimony, for example, was inconclusive as to how much alcohol he drank in the relevant period, and revealed that he did not drink on the job; the evidence further showed that he was hospitalized for a drinking problem only after 1970. In light of this and other contradictory evidence, the ALJ was not obligated to give controlling weight to Dr. Kurtz's opinion.
 
 
 5
 Lyall's third argument is that the ALJ, after finding that Lyall had severe musculoskeletal impairments, failed to conduct a sufficiently detailed analysis of those impairments in concluding that the impairments did not match in severity any "listed impairment" in 20 C.F.R., Part 404, Subpart P, Appendix 1. We find that the ALJ's analysis, which extended over two pages, see J.A. at 17-19, was not confusing or internally inconsistent, as was the ALJ's cursory analysis we held to be deficient in Cook v. Heckler, 783 F.2d 1168, 1172-73 (4th Cir.1986), but rather was sufficiently comprehensive as to permit appellate review.
 
 
 6
 Finally, Lyall argues that the ALJ erred by not calling a medical advisor to resolve questions concerning the date of onset of Lyall's disability, but we find that the record before the ALJ contained sufficient information from which he could determine the date of onset without the aid of a medical advisor.
 
 CONCLUSION
 
 7
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED
 
 
 *
 Although Lyall claims that Dr. Kurtz found his alcoholism to be severe, Dr. Kurtz's October 1970 report does not so state, but instead describes Lyall's alcoholism as a "minor impairment."