UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JIMMY D. JUSTUS,
Plaintiff-Appellant,

v.

No. 97-2711

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
Mary S. Feinberg, Magistrate Judge.
(CA-96-1947)

Submitted: August 11, 1998

Decided: October 23, 1998

Before WILLIAMS and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

C. Randall Lowe, TATE, LOWE & ROWLETT, P.C., Abingdon,
Virginia, for Appellant. James A. Winn, Chief Counsel, Region III,
Patricia M. Smith, Deputy Chief Counsel, Lori R. Karimoto, Assistant
Regional Counsel, Office of the General Counsel, SOCIAL SECUR-
ITY ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A.
Betts, United States Attorney, Kelly R. Rixner, Assistant United

States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jimmy D. Justus seeks review of the Commissioner of Social Security's decision affirming an administrative law judge's denial of disability insurance benefits and supplemental security income ("SSI"). Specifically, Justus contends that the ALJ improperly discounted the opinion of his treating physician in determining that Justus did not have a severe mental impairment which affected his ability to perform light or sedentary work. Because substantial evidence supports the ALJ's decision, we affirm.

I.

Justus alleges a disability stemming from an October 1989 automobile accident. As a result of that accident, Justus sought treatment for neck and back discomfort. In addition, six weeks after the accident, a psychiatrist diagnosed Justus as suffering from post-traumatic stress disorder.

In March 1990, Justus filed applications for disability insurance benefits and SSI, alleging disability due to physical injuries suffered in the automobile accident.[1] These applications were denied initially and upon reconsideration. In April 1991, an ALJ conducted a hearing on Justus's claims. In an opinion issued several months later, the ALJ found that, although Justus could not perform his past relevant work,[2]

_____

[1] During the administrative process, Justus presented evidence of mental impairment.

[2] Justus previously worked as a laborer, coal miner, sawyer, and machine operator.

2

he had the residual functional capacity to perform light work. Therefore, the ALJ determined that Justus had not met the Social Security Act's standard for disability.

After the Appeals Council denied Justus's request for review in April 1992, Justus filed suit in the United States District Court for the Western District of Virginia. The district court affirmed the Commissioner's decision. On appeal, we held that the ALJ may have improperly discredited the opinion of Justus's treating physician, and remanded the case for further consideration of Justus's mental condition.[3] Thereafter, the district court remanded the case to the Appeals Council, which in turn remanded to an ALJ for further proceedings.

On remand, an ALJ re-opened the record for receipt of additional evidence and, in July 1995, conducted another administrative hearing. In a decision dated September 20, 1995, the ALJ determined that, although Justus was unable to perform his past relevant work, "there are a significant number of jobs in the national economy which he could perform." Further, the ALJ found that Justus's mental status was not so severe as to create any limitations on his ability to work. Therefore, the ALJ determined that Justus was not entitled to disability insurance and SSI benefits. This decision became final in September 1996 when the Appeals Council denied Justus's request for review. Justus filed a new complaint in the United States District Court for the Southern District of West Virginia seeking judicial review of the Commissioner's final decision. In December 1997, the magistrate judge granted the Commissioner's motion for summary judgment. This appeal followed.

II.

In determining whether Justus satisfied the Social Security Act's standard for disability, the ALJ analyzed the reports and opinions of several individuals who had examined Justus after the accident. First, six weeks after the automobile accident, Dr. James Eden, a psychiatrist and Justus's treating physician, diagnosed Justus with post-

_____

**3** **See Justus v. Shalala**, 41 F.3d 1504 (4th Cir. 1994) (unpublished) (per curiam).

traumatic stress disorder. Dr. Eden continued to examine Justus on a monthly basis until July 1991, during which time he treated Justus for major affective disorder and gave him anti-depressant medications. In April 1991, Dr. Eden completed a Medical Assessment of Ability to do Work-Related Activities (Mental) in which he stated that Justus was severely impaired in his ability to make occupational, performance, and personal-social adjustments. After July 1991, Dr. Eden did not evaluate Justus again until December 1994, when he completed another Medical Assessment of Ability to do Work-Related Activities (Mental). In addition to that Assessment, which indicated no improvement in Justus's condition, Dr. Eden opined that Justus continued to meet the diagnostic criteria for major affective disorder, that Justus's condition seemed more severe than it had in 1991, and that Justus was unable to sustain any type of gainful activity.

In addition to Dr. Eden, Bede Pantaze, a licensed psychologist, examined Justus one year after the accident at the direction of the Social Security Administration. Ms. Pantaze found no clinical signs of depression, mania, apprehension, anxiety or panic attacks. In her opinion, Justus suffered from "mild" emotional problems.

Finally, in March 1995, at the ALJ's request, Steve Savage, Ph.D., a licensed clinical psychologist, examined Justus. Dr. Savage also completed a Medical Assessment of Ability to do Work-Related Activities (Mental), in which he indicated that Justus's ability to make occupational, performance, and personal-social adjustments was in the "good" to "very good" categories. While he believed that Justus was a chronic alcoholic and an individual with borderline intelligence, Dr. Savage attached no psychiatric significance to any of Justus's complaints. Specifically, Dr. Savage noted that at no time during the examination did Justus offer any complaints which would be consistent with a diagnosis of traumatic stress disorder.

The ALJ evaluated the opinions of the treating and other examining sources and considered the testimony of a vocational expert. The vocational expert stated that if Dr. Eden's limitations were applied, then Justus was disabled, but if Dr. Eden's report was discounted, and the reports of Ms. Pantaze and Dr. Savage were accepted, then Justus was not disabled. The vocational expert also testified that Justus could perform a significant number of jobs in the national economy.

4

Based on his consideration of their opinions, the ALJ determined that Justus failed to satisfy the Social Security Act's standard for disability. While the ALJ noted that, as a treating source, Dr. Eden's assessment was entitled to a certain amount of deference, he rejected Dr. Eden's opinion that Justus was unable to perform the jobs which the vocational expert enumerated. In reaching this conclusion, the ALJ stated that: (1) Dr. Eden's findings of chronic post traumatic stress disorder and severe affective disorder were not corroborated by other physicians or examiners; (2) Dr. Eden failed to submit detailed, longitudinal treatment notes; and (3) Dr. Eden's medical assessment forms indicated an impairment so severe that Justus would be unable to function outside of a mental institution.

III.

This court, like the district court, will uphold the Commissioner's disability determination if it is supported by substantial evidence.[4] Substantial evidence is "`such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[5] Substantial evidence is "`more than a mere scintilla of evidence but may be somewhat less than a preponderance.'"[6] We do not weigh the evidence anew or substitute our judgment for that of the Commissioner, provided that substantial evidence supports the Commissioner's decision.[7]

Justus contends that the ALJ improperly discounted the opinion of Dr. Eden, his treating physician, in determining that he did not have a severe mental impairment which affected his ability to perform light or sedentary work. Citing Coffman v. Bowen,[8] Justus asserts that his treating physician's testimony is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists.[9]

_____

[4] See 42 U.S.C. § 405(g) (1994).
[5] Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
[6] Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).
[7] See id.
[8] 829 F.2d 514 (4th Cir. 1987).
[9] See Appellant's Br. at 11 (citing Coffman v. Bowen, 829 F.2d 514, 517-18 (4th Cir. 1987)).

The ALJ is not required to give the treating physician's testimony controlling weight.**10** Rather, the Social Security Regulations provide that:

> If we find that a treating source's opinion on the issue(s) of the nature and severity of [the] impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight.**11**

If a treating physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."**12**

With regard to the first requirement, that the treating source's opinion be supported by clinical and laboratory diagnostic techniques, we find no evidence in the record that Dr. Eden utilized such techniques. While his December 1994 report refers to a psychological evaluation conducted in June 1990, that evaluation is not contained in the record. Therefore, we turn to whether Dr. Eden's opinion was inconsistent with other substantial evidence in the record.

Dr. Eden's diagnoses included post-traumatic stress disorder, major affective disorder, and severe impairment in Justus's ability to make occupational, performance, and personal-social adjustments. On the other hand, both Ms. Pantaze and Dr. Savage found no significant impairment. Ms. Pantaze believed Justus suffered from "mild" emotional problems and Dr. Savage found no evidence of affective disorder. Further, Dr. Eden opined that Justus's mental state was such that he could not function outside of an institutional environment. However, Justus has been functioning without any treatment by a medical specialist or any medication since 1991. Finally, Justus admitted that he continues to drive and to shop for cigarettes. He told Ms. Pantaze

---

**10** **See Craig v. Chater**, 76 F.3d 585, 590 (4th Cir. 1996) (quoting Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).
**11** 20 C.F.R. §§ 404.1527(d)(2) & 416.927(d)(2) (1997).

**12** **Craig**, 76 F.3d at 590.

that he occasionally mows the lawn and walks for exercise, and Dr. Savage found him reasonably articulate and communicative. Thus, the ALJ properly discounted Dr. Eden's opinion because it was inconsistent with the record as a whole.**13**

We will not re-weigh this conflicting evidence, nor will we make credibility determinations. Because Dr. Eden's opinion was properly discounted, and because Ms. Pantaze's and Dr. Savage's opinions constitute evidence sufficient to justify the ALJ's finding that Justus was not disabled, we affirm the denial of relief.

We dispense with oral argument because the facts and legal contentions are adequately presented before the court and argument would not aid in decisional process.

AFFIRMED

_____
**13** <u>See</u> 20 C.F.R. § 404.1527(d) (1997).

7