**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

LINDA C. FERGUSON,
Plaintiff-Appellant,

v.

No. 98-1813

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CA-96-763-2)

Submitted: February 26, 1999

Decided: March 24, 1999

Before WIDENER and ERVIN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marilyn L. Allen, Greensboro, North Carolina, for Appellant. Frank
W. Hunger, Assistant Attorney General, Walter C. Holton, Jr., United
States Attorney, Gill P. Beck, Assistant United States Attorney, Mary
Ann Sloan, Chief Counsel, Region III, Dennis R. Williams, Deputy
Chief Counsel, Ronald L. Paxton, Assistant Regional Counsel, Cheryl
Nikonovich-Kahn, Assistant Regional Counsel, Office of General

Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Linda C. Ferguson appeals the district court's order entering summary judgment for the Commissioner of Social Security. The district court adopted the recommendation of the magistrate judge that the Commissioner correctly found that Ferguson was disabled from March 30, 1992, until her disability ceased on December 15, 1993. Ferguson contends that her disability did not end. Because the Commissioner's decision is supported by substantial evidence and the correct law was applied, we affirm.

I

Ferguson was born on December 28, 1942. She completed the ninth grade. Past relevant work experience was as a sewing machine operator. She alleged disability commencing on May 30, 1992, due to back problems. She applied for disability insurance benefits on April 16, 1993. Her application was denied initially and on reconsideration.

At a hearing on her application, Ferguson and a vocational expert (VE) testified. The administrative law judge (ALJ) concluded that Ferguson's disability ceased as of December 15, 1993. While she remained disabled from her past work, she retained the residual functional capacity to perform light work as long as the work did not require lifting more than twenty pounds or stooping and bending repetitively. Additionally, any jobs that Ferguson performed had to allow her to change posture periodically.

2

Based on Ferguson's age, education, work experience, and residual functional capacity, the regulations would direct a finding of not disabled. See 20 C.F.R. Part 404, Subpart P, App. 2, § 202.11 (1997). However, because Ferguson suffered from pain, a nonexertional impairment, the regulations were not conclusive, but served only as a guide, and the VE's testimony was necessary. See Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989). Here, the VE testified that jobs-- including light fixture assembler, lamp shade assembler, and final inspector--existed in significant numbers in Ferguson's region of North Carolina. Therefore, Ferguson was not disabled. The Appeals Council upheld this decision, which became the final decision of the Commissioner.

Ferguson then filed this action in the district court. A magistrate judge recommended affirming the Commissioner's decision. Over Ferguson's objections, the district court adopted the recommendation and entered judgment for the Commissioner. This appeal followed.

II

We must uphold the factual findings of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). "It consists of more than a mere scintilla of evidence but may be some-what less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, we do not re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Commissioner. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of con-flicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. See Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, "[t]he issue before us is not whether [Ferguson] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based

upon a correct application of the relevant law." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996).

III

On appeal, Ferguson assigns the following errors: (1) the ALJ failed to give controlling weight to the opinion of her treating physician; (2) substantial evidence does not support the ALJ's conclusion that she can perform light work with certain additional restrictions; (3) the ALJ improperly discounted her claims of pain; and (4) substantial evidence does not support the ALJ's finding that there exist a significant number of jobs that she can perform.

We have reviewed the record, briefs, joint appendix, and the district court's opinion adopting the recommendation of the magistrate judge. Our review persuades us that the district court correctly found that the Commissioner's decision awarding benefits only from May 15, 1992, to December 15, 1993, is supported by substantial evidence and was reached based upon a correct application of the law. Accordingly, we affirm on the reasoning of the district court. <u>See Ferguson v. Apfel</u>, No. 96-CV-763 (M.D.N.C. Apr. 3, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4