69 F.3d 533
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Miriam SPAULDING, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-1732.
 United States Court of Appeals, Fourth Circuit.
 Nov. 3, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CA-93-33-7-BR)
 C. Leon Lee, II, THE LEE LAW FIRM, P.A., Fayetteville, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Barbara D. Kocher, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before HALL and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Miriam Spaulding appeals the district court's refusal to disturb the Commissioner's determination that she was not entitled to supplemental security income benefits, arguing only that the Commissioner's determination was not supported by substantial evidence. This Court, like the district court, will uphold the Commissioner's disability determination if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987); see Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Because substantial evidence supports the ALJ's findings here, there is no reason to disturb the decision of the Commissioner. Accordingly, we affirm the district court's order.
 
 
 2
 In a disability case, the ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir.1983). Here, the medical evidence showed only minor exertional limitations. The reports before the ALJ by Spaulding's examining physicians contained no evidence of lingering effects of the stroke. Further, her own testimony regarding her daily activities was the basis for the ALJ's conclusions regarding her ability to perform light work.
 
 
 3
 As part of her request for review by the Appeals Council, Spaulding submitted a report by Dr. Chen which was arguably more supportive of her reports of exertional limitations and pain. She also submitted affidavits that stated that she was significantly physically impaired. Spaulding argues on appeal that Dr. Chen's report should be given the "great weight" afforded a treating physician. The "Attending Physicians Rule" requires that "the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." Coffman, 829 F.2d at 517.
 
 
 4
 Even assuming that Dr. Chen's opinion should be given such deference,* it is not so inconsistent with the ALJ's determination as to require the conclusion that the Commissioner's decision is not supported by substantial evidence. Dr. Chen, while reporting some abnormalities, specifically noted that the limitations were "mild." Because of the slight degree of the exertional impairment reported, this report is not "disregarded" by the Commissioner's conclusion that Spaulding could perform light work. Consequently, Dr. Chen's report and the affidavits would only affect the relative weight of the conflicting evidence. Neither this Court nor the district court will reweigh the evidence presented to the ALJ. Hays, 907 F.2d at 1456.
 
 
 5
 If, as here, an ALJ finds complaints of pain or the magnitude of pain to be incredible, the ALJ must give specific reasons for the finding. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985). To discount Spaulding's reports of pain, the ALJ relied particularly on the extent of her daily activities and reported hobbies and noted that the activities were consistent with her consultation with Dr. Nettles. These are sufficiently specific reasons for the ALJ's finding. There is no justification for this Court to upset the ALJ's reasoned determination.
 
 
 6
 Finally, there was substantial evidence in the record, through the testimony of the vocational expert, that there were jobs existing in significant numbers in the national economy which Spaulding could perform given her mild restrictions. Consequently, the ALJ's determination that Spaulding could not establish that she was entitled to supplemental security benefits because she could engage in substantial gainful activity, 20 C.F.R. Sec. 416.920(f) (1993), was supported by substantial evidence.
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 *
 It is not clear that Dr. Chen is entitled to the status of a treating physician. The "Attending Physicians Rule" was developed because such an opinion " 'reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.' " Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986) (quoting Mitchell v. Schweiker, 699 F.2d 185, 187 (4th Cir.1983)). In this case, Dr. Chen had not examined Spaulding for nearly seven years before making this report