70 F.3d 111
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James R. BOYD, Sr., Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-1959.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 20, 1995.
Decided Nov. 15, 1995.
 
 Montie Van Nostrand, VAN NOSTRAND & MORTON, Webster Springs, West Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, DEPARTMENT OF HEALTH AND HUMAN SERVICES, Philadelphia, Pennsylvania; William D. Wilmoth, United States
 Attorney, Helen Campbell Altmeyer, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 Before NIEMEYER and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James R. Boyd, Sr. appeals the district court's order that adopted the magistrate judge's report and recommendation to affirm the Secretary's determination that Boyd was not entitled to supplemental security income benefits or disability insurance benefits and to deny Boyd's motion to remand the case to the Secretary for further proceedings based on new evidence.* Boyd contends that the Secretary's decision was not supported by substantial evidence.* Boyd also objects to the weight the administrative law judge (ALJ) assigned to the testimony of Dr. Kadambi, Boyd's treating physician, and to the ALJ's characterization of Boyd's complaints of pain. This court, like the district court, will uphold the Secretary's disability determination if it is supported by substantial evidence. 42 U.S.C. Sec. 405(g) (1988); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir.1987); see Richardson v. Perales, 402 U.S. 389, 401 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Because substantial evidence supports the ALJ's findings and the Secretary's determination, we affirm the district court's order accepting the report and recommendation of the magistrate judge.
 
 
 2
 In a disability case, the ALJ must consider objective medical facts and opinions and the diagnoses of treating and examining doctors, which constitute a major part of the proof in disability cases. McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir.1983). Here, the medical evidence of record was divided. Boyd clearly faces an ongoing battle with his non-insulin dependant diabetes but there was nonetheless substantial medical evidence throughout the administrative record to support the ALJ's finding that Boyd was not disabled. Further, Boyd's own testimony at the hearing regarding his activities provided additional evidence to support the ALJ's conclusion regarding Boyd's residual capacity to perform medium work.
 
 
 3
 Boyd asserts on appeal that Dr. Kadambi's report should be given the "great weight" afforded a treating physician. Dr. Kadambi concluded at one point that Boyd was only capable of sedentary work. The "Attending Physicians Rule" requires that" the opinion of a claimant's treating physician be given great weight and may be disregarded only if there is persuasive contradictory evidence." Coffman, 829 F.2d at 517. The ALJ found Dr. Kadambi less credible because his reports were internally inconsistent. The ALJ also noted that Dr. Kadambi's conclusions were not consistent with the other medical evidence of record. Additionally, the ALJ discounted Dr. Kadambi's assessment of Boyd's residual capacity because Boyd's testimony contradicted portions of Dr. Kadambi's report. The ALJ's opinion contains references to "persuasive contradictory evidence" of record sufficient to discount Dr. Kadambi's conclusions.
 
 
 4
 If, as here, an ALJ finds complaints of pain or the magnitude of pain to be incredible, the ALJ must give specific reasons for the finding. Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985). To discount Boyd's reports of pain, the ALJ relied particularly on the extent of his daily activities and the absence of pain medication other than aspirin or any other regimen to combat Boyd's reports of pain. These are sufficiently specific reasons for the ALJ's finding. Consequently, the ALJ's determination that Boyd could not establish that he was entitled to supplemental security or disability insurance benefits because he could engage in substantial gainful activity, 20 C.F.R. Sec. 416.920(f) (1994), was supported by substantial evidence. Accordingly, we affirm the district court's order accepting the magistrate judge's report and recommendation and granting summary judgment in favor of the Secretary.
 
 
 5
 Turning to the motion to remand the case to the Secretary on the basis of new evidence, we find no error in the district court's accepting the magistrate judge's conclusion that the new evidence was not sufficiently relevant to Boyd's initial application. 42 U.S.C. Sec. 405(g) (1988); see Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.1985). The additional evidence Boyd presented was strong evidence that his diabetes continued to worsen, but did not pertain to the period for which the ALJ made his determination. We decline to disturb the district court's ruling on this motion.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Boyd also claims that the district court erred in failing to apply the sedentary grid rule. Because we conclude, as did the district court, that the ALJ's determination that Boyd could perform medium work was supported by substantial evidence, there is no need to consider what result the application of the sedentary grid would dictate. See 20 C.F.R. Sec. 404, Subpart P, App. 2, Rule 201.10 (1994)