**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BARBARA TEUSCHLER HARRISON,
Plaintiff-Appellant,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant-Appellee.

No. 98-2463

Appeal from the United States District Court
for the Middle District of North Carolina,
at Winston-Salem.
William L. Osteen, District Judge.
(CA-97-141-6)

Submitted: May 28, 1999

Decided: November 2, 1999

Before WILKINS, NIEMEYER, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ellen R. Gelbin, ELLIOT, PISHKO, GELBIN & MORGAN, P.A.,
Winston-Salem, North Carolina, for Appellant. Frank W. Hunger,
Assistant Attorney General, Walter C. Holton, Jr., United States
Attorney, Gill P. Beck, Assistant United States Attorney, Mary Ann
Sloan, Chief Counsel, Region IV, Dennis R. Williams, Deputy Chief

Counsel, Malinda C. Hamann, Assistant Regional Counsel, Office of General Counsel, SOCIAL SECURITY ADMINISTRATION, Atlanta, Georgia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Barbara Harrison appeals the district court's order adopting the report and recommendation of the magistrate judge and affirming the Commissioner's determination that she was not entitled to either Supplemental Security Income or Disability Insurance Benefits. See 42 U.S.C. § 405(g) (1994). In support of her appeal, Harrison primarily contends that the district court erred in failing to find that her condition did not equal the severity of the Listing for "Disturbance of the labyrinthine-vestibular function." See Listing 2.07, 20 C.F.R. § 404, subpart P, app. 1 (1993). Finding no error on the part of the district court, we affirm.

A reviewing court must uphold the findings of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. See 42 U.S.C.A. § 405(g) (West Supp. 1998); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is `substantial evidence.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). In reviewing for substantial evidence, the reviewing court does not re-

2

weigh conflicting evidence, make credibility determinations, or sub-stitute its judgment for that of the Commissioner. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of con-flicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or the ALJ who makes the decision. See Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). Accordingly, the issue before the Court is not whether Harrison "is disabled, but whether the ALJ's finding that she is not disabled is sup-ported by substantial evidence and was reached based upon a correct application of the relevant law." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

After a review of the record, and in light of the additional evidence submitted to the Appeals Council, see Wilkins v. Secretary, 953 F.2d 93, 96 (4th Cir. 1991) (en banc), we find that the ALJ's determination was supported by substantial evidence and reached by the application of the correct legal standard. Accordingly, the district court did not err in adopting the report and recommendation of the magistrate judge and declining to disturb the Commissioner's determination. We there-fore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3